JUDGE HALPERN          JUDGE REZNIK          **26 CV 04228**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRANDON J. NEIDER,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**WESTCHESTER COUNTY BOARD OF ELECTIONS; TAJIAN M. NELSON, in his official capacity as Democratic Commissioner; and DOUGLAS A. COLETY, in his official capacity as Republican Commissioner,**<br><br>      **Defendants.** | Case No. _____<br><br>Hon. _____<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**<br><br>JURY TRIAL DEMANDED:<br>[ ] YES  [X] NO<br><br>**EMERGENCY - ELECTION MATTER** |

## **INTRODUCTION**

Plaintiff Brandon J. Neider brings this action under 42 U.S.C. § 1983 challenging the Westchester County Board of Elections' ongoing refusal to certify him as the Republican candidate for Member of the New York State Assembly, 89th Assembly District, and to place his name on the November 3, 2026 general election ballot. Plaintiff does not ask this Court to reverse, vacate, or set aside any state court judgment. Plaintiff asks this Court to require the Board, as an ongoing matter of federal constitutional compliance, to administer the November 3, 2026 general election ballot in a manner consistent with Plaintiff's due process and equal protection rights under the Fourteenth Amendment.

The Board's ongoing refusal to certify Plaintiff flows from an administrative and judicial process that was constitutionally defective at three independent stages, each of which independently infects the Board's current conduct: (1) the traverse hearing denied Plaintiff a meaningful opportunity to be heard by excluding his doorbell camera video evidence before it was reviewed and pre-crediting

the process server's testimony against him; (2) the fraud hearing applied irreconcilable legal standards to Plaintiff and co-candidate Bebe Ahmed, identically situated in the same consolidated proceeding, without rational basis, resulting in differential treatment that is arbitrary on its face; and (3) the remedy imposed, full invalidation of a petition bearing 490 certified valid signatures, 150 above the minimum, was constitutionally disproportionate to any finding that could permissibly have been made on this record.

Plaintiff's designating petition was filed for the June 23, 2026 Republican primary ballot. He was the sole Republican candidate for this office. Under New York Election Law § 6-164, no primary ballot is printed for an uncontested party position, no Republican primary is being held for the 89th Assembly District and no primary ballot will be printed. The Purcell principle has little if any application here: no Republican primary ballot will be printed, and the operative harm is the Board's ongoing exclusion of Plaintiff from the November 3, 2026 general election ballot, which is more than five months away.

The only party with authority to remedy that ongoing harm is the Board. This action is brought against the Board and its Commissioners in their official capacities. Serapher Conn-Halevi and J. Gary Pretlow, who initiated the underlying state court invalidation proceedings, are not defendants because complete relief runs against the Board alone. See Gallagher v. N.Y. State Board of Elections, 477 F.Supp.3d 19, 27 (S.D.N.Y. 2020). Both retain the right to seek intervention under Fed. R. Civ. P. 24, subject to Plaintiff's right to object.

All state court remedies are exhausted as of May 19, 2026.

## THE PARTIES

1.  Plaintiff Brandon J. Neider is a resident of 153 Forest Avenue, Yonkers, New York 10705. He filed a designating petition for placement on the June 23, 2026 Republican primary ballot as the Republican candidate for Member of the New York State Assembly, 89th Assembly District. He is the sole Republican candidate for this office. No Republican primary is being held for the 89th Assembly District, and no Republican primary ballot for this race will be printed.

2.  Defendant Westchester County Board of Elections ("Board") is a government agency with offices at 445 Hamilton Avenue, 8th Floor, White Plains, New York 10601. The Board administers elections in Westchester County and is responsible for certifying candidates and producing the general election ballot. The Board is currently refusing to certify Plaintiff as the Republican candidate and to place his name on the November 3, 2026 general election ballot. The Board is the only party with authority to remedy that ongoing constitutional violation.

3.  Defendant Tajian M. Nelson is the Democratic Commissioner of the Westchester County Board of Elections, sued in her official capacity. In her official capacity she shares authority with Defendant Colety over whether Plaintiff's name appears on the November 3, 2026 general election ballot.

4.  Defendant Douglas A. Colety is the Republican Commissioner of the Westchester County Board of Elections, sued in his official capacity. In his official capacity he shares authority with Defendant Nelson over whether Plaintiff's name appears on the November 3, 2026 general election ballot.

## NON-PARTY NOTICE

Serapher Conn-Halevi (Petitioner-Objector in the underlying state court proceedings) and J. Gary Pretlow (Petitioner-Aggrieved Candidate and Democratic incumbent for the 89th Assembly

District) initiated the state court invalidation proceedings that are the background to this action. They are not named as defendants. The relief Plaintiff seeks, a federal order directing the Board to administer the November 3, 2026 general election ballot in a manner consistent with Plaintiff's constitutional rights, runs exclusively against the Board. Complete relief can be afforded without Conn-Halevi or Pretlow as parties and proceeding in their absence will not expose any existing party to a substantial risk of multiple or inconsistent obligations. Gallagher, 477 F.Supp.3d at 27; Fed. R. Civ. P. 19(a). Both may seek to intervene under Fed. R. Civ. P. 24. Plaintiff expressly reserves all rights to object to any such application.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the United States Constitution and 42 U.S.C. § 1983.

6.  Venue is proper in this district under 28 U.S.C. § 1391(b) because all Defendants are located in this district and all relevant events occurred in Westchester County, New York.

7.  All available state court remedies have been exhausted. The Westchester County Supreme Court ruled on April 28, 2026. The Appellate Division, Second Department affirmed on May 14, 2026 (Docket No. 2026-04285). The New York Court of Appeals denied leave to appeal and a stay on May 19, 2026. Younger v. Harris, 401 U.S. 37 (1971), has no application because all state proceedings are complete.

8.  The Rooker-Feldman doctrine does not bar this action. Plaintiff does not ask this Court to reverse, vacate, or set aside any state court judgment, or to find that the state courts incorrectly applied New York law. Plaintiff challenges the Board's ongoing conduct, its continuing refusal, as a matter of current ballot administration, to certify Plaintiff as the Republican candidate for the November 3, 2026 general election ballot, and seeks prospective injunctive relief requiring the

Board to administer that ballot in conformity with Plaintiff's federal constitutional rights going forward. The source of Plaintiff's injury is not the state court judgments themselves but the Board's independent ongoing enforcement of ballot exclusion. A federal court may grant prospective injunctive relief requiring state officials to conform their future conduct to constitutional requirements without disturbing any state court judgment. Ex parte Young, 209 U.S. 123 (1908); Hoblock v. Albany County Board of Elections, 422 F.3d 77, 87 (2d Cir. 2005).

9.      Plaintiff's constitutional claims arise from the conduct of the state court proceedings themselves, the exclusion of evidence, the application of irreconcilable standards to similarly situated candidates, not from an assertion that the state courts misapplied New York election law. These are independent federal constitutional claims that the state courts never adjudicated on constitutional grounds. Plaintiff's federal constitutional claims are independent of the state courts' application of New York election law and were never adjudicated on constitutional grounds; they therefore should not be barred by Rooker-Feldman or issue preclusion. Hoblock, 422 F.3d at 87; Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).

10.  The Purcell principle has no application. Plaintiff's designating petition was filed for the June 23, 2026 Republican primary ballot under New York Election Law § 6-132. Plaintiff is the sole Republican candidate for this office. Under New York Election Law § 6-164, no primary ballot is printed for an uncontested party position. No Republican primary ballot for the 89th Assembly District has been or will be printed. There is no primary ballot to disrupt. The relief requested concerns the November 3, 2026 general election ballot, more than five months from the date of this filing.

## FACTUAL ALLEGATIONS

### A.  The Board's Ongoing Conduct: Refusal to Certify a Qualified Candidate

This section sets forth the administrative and judicial background that gave rise to the Board's current refusal to certify Plaintiff. The individuals identified below initiated the state court proceedings; they are not defendants in this action.

11.    Plaintiff timely filed a designating petition under New York Election Law § 6-132 for placement on the June 23, 2026 Republican primary ballot. Plaintiff gathered 532 total petition signatures. The Board itself certified 494 as valid, 150 above the required minimum of 340. The Board certified Plaintiff as a candidate. He was the sole Republican candidate for this office. No Republican primary is being held for the 89th Assembly District.

12.    Serapher Conn-Halevi, as Petitioner-Objector, and J. Gary Pretlow, as Petitioner-Aggrieved Candidate, filed Index No. 62236/2026 seeking to invalidate Plaintiff's petition. The Order to Show Cause required service at Plaintiff's actual place of abode as set forth in his designating petition, or by personal service. Plaintiff raised timely service objections, and the court ordered a traverse hearing. Plaintiff also raised a motion to dismiss Index No. 62449/2026, the duplicate proceeding Petitioners had simultaneously filed on April 20, 2026, on the grounds that it was duplicative of Index No. 62236/2026. Rather than rule on the duplicative nature of Index No. 62449/2026, Justice Giacomo permitted Petitioners' attorney to withdraw Index No. 62236/2026, allowing the duplicate proceeding to stand without any judicial determination of its legitimacy, mooting Plaintiff's duplication argument, and eliminating from the record doorbell camera footage of process server Ben Newman's first service attempt at Plaintiff's residence.

13.    Index No. 62449/2026 proceeded as the operative case. It was assigned to Justice Giacomo and consolidated with approximately 6-8 parallel election law proceedings. The Board, Nelson,

and Colety were co-respondents alongside Plaintiff. The Order to Show Cause required service at Plaintiff's actual place of abode or by personal service, the only such requirement among all consolidated proceedings.

**B.  The Constitutionally Defective Traverse Hearing**

14.  Plaintiff's actual place of abode is an upstairs apartment in a multi-unit building at 151-153 Forest Avenue, Yonkers, New York. The traverse hearing was held April 24, 2026. Newman admitted: he did not know the building was 151-153 Forest Avenue (Tr. 21); he believed it was a single-family residence (Tr. 21); he never reached Plaintiff's upstairs apartment; he affixed only one page of 205 pages to the shared building entrance, testifying "affixed" could mean "leaning on the door" (Tr. 25). Process server Puzio admitted he was "not aware" the mailed papers had to match the affixed papers (Tr. 9) and "cannot confirm what mailed matched what was affixed" (Tr. 11). The FedEx Priority Overnight was picked up at 5:50-6:00 PM on April 20 (Tr. 9) and delivered April 21 at 11:36 AM (Tr. 9), after the limitations period expired at midnight.

15.  Plaintiff possessed doorbell camera video footage, direct, objective, contemporaneous evidence of Newman's actual conduct at 151-153 Forest Avenue, bearing on whether Newman reached Plaintiff's actual place of abode and on Newman's overall credibility. The doorbell footage also captured Newman taking a photograph of his service attempt at the building entrance, creating contemporaneous photographic documentation of what he did and where. Petitioners did not place that photograph before the court. They did not submit it as an exhibit or move for its admission. The presiding justice then refused to review Plaintiff's video footage, stating from the bench: "I don't see the relevance of it. We have your witness here testifying" (Tr. 19-20). The court excluded Plaintiff's video and the process server's own photograph was not before the court. The result was

that Newman's account was never tested against objective evidence. That is not a meaningful hearing.

16. The structural harm spans both proceedings. When Plaintiff raised his duplication motion, Justice Giacomo declined to rule and allowed Petitioners to withdraw 62236/2026, eliminating video of Newman's first attempt. The court then excluded video of Newman's second attempt at the traverse hearing. Across two proceedings, Newman's credibility as a witness was never tested against objective evidence. The Board's current refusal to certify Plaintiff as a candidate rests on a jurisdictional finding made through this constitutionally inadequate process.

## C. The Constitutionally Arbitrary Fraud Hearing

17. The fraud allegation against Plaintiff involved a single petition sheet. Witness Sean Coughlan claimed Plaintiff was not present when he signed. At hearing, Coughlan admitted he "wasn't too sure of the person who was there" (Tr. 53), that he "really wasn't paying attention to their face" (Tr. 54), and could not identify Plaintiff when directly confronted in the same courtroom (Tr. 59, "No sir"). Plaintiff did not testify. Petitioners bore the burden of proving fraud by clear and convincing evidence and had the right under CPLR 4512 to call Plaintiff as an adverse witness and chose not to.

18. Co-candidate Bebe Ahmed (Index No. 62309/2026) was identically situated in all material respects: a subscribing witness on challenged petition sheets; a household witness who could not identify her; she did not testify. Petitioners' own brief (fn. 6) expressly conceded the same evidence established fraud as to both Ahmed and Plaintiff. On that identical evidentiary record, the same decision-maker, in one consolidated proceeding, found no fraud as to Ahmed and fraud as to Plaintiff. The Board's ongoing refusal to certify Plaintiff is grounded in that irrationally differential determination. Whatever legal labels are applied, the underlying administrative outcome is

constitutionally arbitrary: identical evidence, identical standard, one candidate exonerated, one removed.

### D.  The Disproportionate Administrative Remedy

19.  Plaintiff's petition bore 494 certified valid signatures, 150 above the minimum, as determined by the Board itself. The entire fraud allegation concerned a single petition sheet. The witness on that sheet could not identify Plaintiff in the courtroom. Even accepting some basis for finding that a single sheet was irregularly witnessed, the proportionate administrative remedy is to strike only the contested signatures, leaving Plaintiff with 490 valid signatures well above the minimum. The Board's ongoing refusal to certify Plaintiff treats full invalidation as the required outcome on these facts, an outcome that imposes a constitutionally disproportionate burden on ballot access not justified by any legitimate state interest when a candidate retains 490 certified valid signatures above the legal minimum.

### E.  The Board's Ongoing Refusal to Certify Plaintiff and the Resulting Harm

20.  The Board is currently refusing to certify Plaintiff as the Republican candidate for Member of the New York State Assembly, 89th Assembly District, and to place his name on the November 3, 2026 general election ballot. That refusal is ongoing and continuing. It is not a closed past event, the Board retains full authority today to certify Plaintiff and place his name on the November 3, 2026 ballot. A federal order directing the Board to do so would fully remedy the constitutional violations described herein without disturbing any state court judgment.

21.  Plaintiff is the sole Republican candidate for the 89th Assembly District. His exclusion from the November 3, 2026 general election ballot means there will be no Republican candidate on the

ballot for this office. Once the ballot is certified without his name, that harm is irreversible. Money damages cannot substitute for the right to appear as a candidate before the voters.

## CAUSES OF ACTION

**COUNT ONE — PROCEDURAL DUE PROCESS — 42 U.S.C. § 1983**

22. Plaintiff realleges and incorporates all preceding paragraphs.

23. Plaintiff has a constitutionally protected liberty interest in his candidacy. He gathered 494 certified valid signatures above the legal minimum and was certified by the Board as a candidate. That certification is a protected interest. Board of Regents v. Roth, 408 U.S. 564 (1972); Anderson v. Celebrezze, 460 U.S. 780 (1983).

24. The Fourteenth Amendment requires that before a protected interest is extinguished, the affected party must be given a meaningful opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). A hearing is not meaningful if the decision-maker announces its credibility conclusion before considering the contrary evidence.

25. The Board's ongoing refusal to certify Plaintiff as a candidate rests on a jurisdictional finding produced by a constitutionally inadequate process. Defendants, acting under color of state law in their current administration of the November 3, 2026 general election ballot, are continuing to enforce an exclusion that was produced without affording Plaintiff a meaningful opportunity to be heard: the traverse hearing excluded Plaintiff's doorbell camera video footage before it was reviewed; announced in advance that it credited the process server's testimony; and structurally eliminated objective evidence across two proceedings, the first set of footage through the court-permitted withdrawal of Index No. 62236/2026 after Plaintiff raised his duplication motion, the second through exclusion at the traverse hearing itself. The right to be heard on whether service

was properly made is hollow when the only objective evidence bearing on that question is excluded before it is considered.

26.   Plaintiff does not ask this Court to find the state court reached the wrong result on service under New York law. Plaintiff asks this Court to find that regardless of what result was legally permissible, the process by which it was reached did not satisfy the constitutional minimum. These are independent inquiries. Prospective injunctive relief requiring the Board to administer the November 3, 2026 ballot in conformity with Plaintiff's constitutional rights does not require reversing any state court judgment. Ex parte Young, 209 U.S. 123 (1908); Hoblock v. Albany County Board of Elections, 422 F.3d 77, 87 (2d Cir. 2005).

27.   As a direct and proximate result of this ongoing constitutional violation, Plaintiff is suffering irreparable harm.

## COUNT TWO — EQUAL PROTECTION — 42 U.S.C. § 1983

28.   Plaintiff realleges and incorporates all preceding paragraphs.

29.   The Fourteenth Amendment guarantees equal protection of the laws. A government actor who applies irreconcilable standards to similarly situated individuals without rational basis violates equal protection regardless of what legal labels are applied to the differential treatment. Bush v. Gore, 531 U.S. 98, 104-05 (2000); Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

30.   The Board's ongoing refusal to certify Plaintiff rests on a fraud determination that is arbitrary on its face: identical evidence, a household witness who could not identify the candidate; no testimony from the candidate; Petitioners' own concession (fn. 6) that the same evidence applied to both, produced opposite outcomes for Plaintiff and Ahmed in one consolidated proceeding. This is not a claim that the state court misapplied New York fraud law. This is a claim that whatever legal framework was applied, the outcome for Plaintiff was irrational in light of the outcome for

an identically situated candidate in the same proceeding on the same day. The Board is currently enforcing that irrational differential against Plaintiff by excluding him from the November 3, 2026 ballot while Ahmed faces no equivalent exclusion. There is no rational basis for that ongoing differential treatment.

31. As a direct and proximate result of this ongoing constitutional violation, Plaintiff is suffering irreparable harm.

**COUNT THREE — BALLOT ACCESS / DISPROPORTIONATE REMEDY — 42 U.S.C. § 1983**

32. Plaintiff realleges and incorporates all preceding paragraphs.

33. The First and Fourteenth Amendments protect a candidate's right of access to the ballot. Anderson v. Celebrezze, 460 U.S. 780 (1983). Ballot access restrictions, including administrative remedies that remove candidates from the ballot, must be proportionate to the state's interest. Storer v. Brown, 415 U.S. 724 (1974).

34. The Board's ongoing refusal to certify Plaintiff treats full invalidation of his petition as the required administrative outcome. But Plaintiff's petition bore 490 certified valid signatures, 150 above the minimum, as determined by the Board itself. The fraud allegation concerned a single sheet. The witness on that sheet could not identify Plaintiff in the courtroom. The Board currently enforces an outcome, complete ballot exclusion, that bears no proportionate relationship to the regulatory interest in petition integrity when a candidate retains 494 valid signatures, much higher than the legal minimum of 340. That ongoing enforcement of a disproportionate remedy imposes an unconstitutional burden on Plaintiff's ballot access rights not justified by a sufficient state interest.

35.  As a direct and proximate result of this ongoing constitutional violation, Plaintiff is suffering irreparable harm.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Brandon J. Neider respectfully requests that this Court enter an order:

a.  Pursuant to Fed. R. Civ. P. 65(b), issuing a temporary restraining order immediately directing the Westchester County Board of Elections to refrain from certifying, finalizing, or printing the November 3, 2026 general election ballot for the 89th Assembly District in a manner that omits the name of Brandon J. Neider as the Republican candidate for Member of the New York State Assembly, pending hearing on Plaintiff's motion for a preliminary injunction;

b.  Pursuant to Fed. R. Civ. P. 65(a), issuing a preliminary injunction directing the Westchester County Board of Elections to certify Brandon J. Neider as the Republican candidate for Member of the New York State Assembly, 89th Assembly District, and to place his name on the November 3, 2026 general election ballot as the Republican candidate for that office;

c.  Declaring that Defendants' ongoing refusal to certify Plaintiff and to place his name on the November 3, 2026 general election ballot violates Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, including the Due Process Clause of the Fourteenth Amendment;

d.  Declaring that Defendants' ongoing refusal to certify Plaintiff, while certifying co-candidate Ahmed, based on irreconcilable standards applied to identically situated candidates in the same consolidated proceeding, violates Plaintiff's rights under the Equal

Protection Clause of the Fourteenth Amendment and, independently, under the First and

Fourteenth Amendments' protection of ballot access;

e.   Granting such other and further relief as this Court deems just and proper.

Plaintiff expressly does not seek to reverse, vacate, or set aside any state court judgment. Plaintiff

seeks prospective injunctive relief requiring Defendants to administer the November 3, 2026

general election ballot in conformity with Plaintiff's federal constitutional rights going forward.

Respectfully submitted,

Brandon J. Neider

Plaintiff Pro Se

153 Forest Avenue

Yonkers, New York 10705

(914) 319-7162

brandon@brandonneider.com

Dated: May 19, 2026

## **VERIFICATION**

I, Brandon J. Neider, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Brandon J. Neider

Dated: May 19, 2026